## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JAMES EARL THOMAS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CASE NO. 2:10-CV-2560-SLB** |
| ) | |
| **JUDGE H. ALLRED, in his Official** ) | |
| **Capacity of the Family Court,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>MEMORANDUM OPINION</u>

This case is presently pending before the court on plaintiff's Response to the Court's Order to Show Cause. (Doc. 12.)[1] For the reasons set forth below, the court finds that plaintiff's Complaint for Temporary Restraining Order [and] Declaratory and Injunction Relief, (doc. 1), is due to be dismissed for failure to state a claim based on violations of his rights to equal protection and due process, and also on the grounds of *Younger* abstention and the *Rooker-Feldman* doctrine.

The court has previously dismissed as frivolous identical claims filed by plaintiff *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See Thomas v. Judge H. Allred of the Family Court*, Case No. 2:10-CV-2209-SLB, doc. 3; *Thomas v. Judge Riggs of the Family Court*, Case No. 2:10-CV-1305-SLB, doc. 4. Plaintiff refiled his claims, but this time he paid his

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

filing fee.  Therefore, the court entered a Show Cause Order, ordering plaintiff to appear and show cause why his claims should not be dismissed again.

The court may "dismiss an action on its own motion 'as long as the procedure employed is fair.'"  *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011)(quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)(quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998))).  "To employ fair procedure, a district court must generally 'provide the plaintiff with notice of its intent to dismiss [and] an opportunity to respond.'"  *Id*. (quoting *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007)).  The court gave Thomas notice of its intent to dismiss his Complaint under the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, and for failure to state a claim for which relief can be granted.  Thomas filed a response opposing dismissal of his claims.

## A.  *ROOKER-FELDMAN* DOCTRINE

Thomas alleges that he does not owe any child support because "the Default Judgment is void because on April 9, 1992, the Family Court of Alabama did not have Jurisdiction over him or the matter of Child Support."  (Doc. 1 ¶ 14; *see also id*. ¶ 64.)  This federal district court does not have jurisdiction to review and/or reverse the 1992 state-court default judgment.

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Green v.*

*Jefferson County Commission*, 563 F.3d 1243, 1249 (11th Cir. 2009)(quoting *Exxon Mobil*

*Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).   According to Thomas's

Complaint, a default judgment was entered against him in state court; therefore, he is a

"state-court loser."  He is complaining of injuries arising from the 1992 Default Judgment,

which was entered before Thomas filed this Complaint.  And, Thomas asks this court to grant

him relief from the 1992 state-court Default Judgment.  Based on these facts, the *Rooker-*

*Feldman* doctrine applies, and this court may not entertain a federal-court challenge to the

1992 Default Judgment of the state-court.

In response to the court's Show Cause Order, plaintiff alleges that he did not have an

opportunity to present evidence at a hearing on October 19, 2009, that the 1992 Default

Judgment was void.  (Doc. 12 at 6.)  However, his response contains a motion he filed in the

state court entitled Default Judgment is Void, (doc. 12-2 at 18), in which he raises the issue

that the 1992 Default Judgment is void because it was entered before the State of Georgia

initiated proceedings under the Uniform Reciprocal Enforcement of Support Act [URESA].[2]

Also, he filed a writ of Mandamus, trying to compel the state court to allow him to present

evidence of the void judgment.  Clearly, Thomas had the opportunity to raise his objections.

Therefore, the court will dismiss plaintiff's claims seeking to set aside the 1992

judgment as barred by *Rooker-Feldman*.

---

[2]Since 1997, Alabama has followed Uniform Interstate Family Support Act [UIFSA].

## B. *YOUNGER* ABSTENTION

"Under *Younger*, federal courts may not enjoin state court proceedings.  Accordingly, federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding." *Newsome v. Broward County Public Defenders*, 304 Fed. Appx. 814, 816 (11th Cir. 2008)(citing, *inter alia*, *Younger v. Harris*, 401 U.S. 37, 41 (1971))(footnote omitted). Additionally, the court must determine "whether the federal proceeding will interfere with an ongoing state court proceeding." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003).

Thomas asks the court to "[o]rder Judge H. Allred to halt all State Court Proceedings until this court [has] the opportunity to review the merits of the case in [a] [hearing to determine:  (a) what money . . . plaintiff owe[s], if any[,] and (b) . . . plaintiff's ability to pay Child Support as opposed to his refusal to pay." (Doc. 1 at 9.)  Assuming that the state-court proceedings are pending, this court may not enjoin the proceedings.  "The ability to collect child support payments is an important state interest." *Adams v. Florida*, 185 Fed. Appx. 816, 817 (11th Cir. 2006)(unpublished); *Danzy v. State of Alabama, Dept. of Human Resources*, Civil Action No. 09-00836-KD-B, 2010 WL 1994902, *3 (S.D. Ala. Apr. 27, 2010).   Moreover, Alabama has procedural rules in place that allow Thomas to raise his

constitutional concerns in the state courts. Therefore, the *Younger* abstention doctrine precludes this court from enjoining the state-court proceedings.

In response to the court's Show Cause Order, Thomas contends that the state proceedings are not "legal," that the proceedings did not involve an important state interest because Judge Allred "used a false name to defraud plaintiff out of his money," and he was not allowed to present evidence.[3] (Doc. 12 at 7-8.) The court finds these arguments are insufficient to overcome the *Younger* bar.

Plaintiff's claim for a temporary restraining order enjoining pending state-court proceedings will be dismissed.

## C. FAILURE TO STATE A CLAIM FOR RELIEF

### 1. Absolute Judicial Immunity

In this Circuit,

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)(citations omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*. Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and

---

[3]He also contends that he filed a Petition for Writ of Mandamus "to order that plaintiff be allowed to present evidence," and the Petition was denied. (Doc. 1 at 23-30.) However, contrary to Thomas's contentions, the Petition, and its subsequent denial, shows that he actually raised these issues in the state courts.

(4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983).

*Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

According to Thomas's Complaint, the alleged wrongful conduct of Judge Allred occurred in his judicial capacity. (*See* ¶¶ 9, 17 (a)-(e), 34-37, 45-62, 69, 71, 73, and 75.) These allegations indicate all of Judge Allred's actions were taken as part of the conduct of the court and in relation to judicial proceedings to collect child support owed by Thomas as a result of the 1992 Default Judgment. Therefore, Thomas's claims against Judge Allred are barred by absolute judicial immunity and due to be dismissed.

Thomas contends that his claims against Judge Allred are not barred because he is not asking for money damages. He does not argue that any claim for money damages against Judge Allred may proceed.

Therefore, Thomas's claims against Judge Allred are due to be dismissed based on absolute judicial immunity to the extent Thomas seeks money damages.

### 2. Equal Protection

Thomas alleges three counts of equal protection violations. "In order to state an equal protection claim, the plaintiff must prove that he was discriminated against by establishing that other similarly-situated individuals outside of his protected class were treated more favorably. Thus, the identification of these individuals comprised a part of the claim itself." *Amnesty Intern., USA v. Battle*, 559 F.3d 1170, 1180 (11th Cir. 2009)(citing *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367-68 (11th Cir. 1998))(internal

citations omitted).  Thomas has not identified any similarly-situated white individuals that were treated more favorably by Judge Allred.

Thomas contends that he "was not given a [chance] to engage in discovery to gather evidence [t]o prove his claim."  (Doc. 12 at 12.)  A Complaint must set forth "enough fact to raise a reasonable expectation that discovery will reveal evidence" of his claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Before being allowed to engage in discovery, plaintiff has an "obligation under *Twombly* to indicate that he could provide evidence plausibly [identifying similarly situated individuals that were treated more favorably]."  *See Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1338 (11th Cir. 2010).  Plaintiff has failed to meet this obligation.

Therefore, the court finds Thomas's equal protection claims are due to be dismissed.

### 3.  Procedural Due Process

The Supreme Court has held:

The Due Process Clause also encompasses . . . a guarantee of fair procedure. A § 1983 action may be brought for a violation of procedural due process, but here the existence of state remedies *is* relevant in a special sense.  In procedural due process claims, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest ***without due process of law***.  The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.  Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate.  This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law.

7

*Zinermon v. Burch*,  494 U.S. 113, 125-126 (1990)(internal citations and footnote omitted; emphasis added); *see also Bass v. Perrin*, 170 F.3d 1312, 1319 (11th Cir. 1999)("It is a well-settled principle of law that 'the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise.'"  (quoting *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994))).

In order to allege a claim of procedural due process based on Judge Allred's failure to allow him the opportunity to present evidence before finding him in contempt of court, Thomas must allege that Alabama does not provide him a remedy for the procedural deprivation.  In his Complaint, Thomas alleges that Judge Allred told him "he was not interested in any evidence and sent plaintiff to jail for three months and ten day[s]" in an attempt "to enforce a **void** judgment against him."  (Doc. 1 ¶ 37 [emphasis in original].) According to Thomas, Judge Allred did not allow him to present evidence that the 1992 Default Judgment was void during the contempt proceedings.  This is not a violation of any due process right Thomas may have.

Thomas cites the court to his "Default Judgment is Void" Motion.  (Doc. 12 at 13 [citing doc. 12-2 at 18-20].)  In this Motion, Thomas argued:

> On April 9, 1992, the Family Court of Jefferson County, Judge Chappell issued a Default Judgment against . . . James Earl Thomas establishing Paternity and setting amount of Child Support. . . .

The . . . case ends up in Alabama Court because the State of Georgia filed an URESA Petition. However, the State of Georgia did not [begin] the Initiation Form until April 17, 1992. . . .

. . . [The] Alabama Court issued a Default Judgment against . . . James Earl Thomas 8 days before the State of Georgia started the case.

. . .

In the case at bar, on April 9, 1992, the Alabama Court did not have jurisdiction over the defendant or the subject-matter jurisdiction of Child Support.

. . .

Therefore, the Default Judgment entered against defendant James Earl Thomas on April 9, 1992, is Void.

(Doc. 12-2 at 18-19 [original emphasis omitted].)

Thomas is mistaken regarding the jurisdiction of the Alabama court. Alabama courts have jurisdiction to determine paternity and the issue of support. *See* Ala. Code § 26-17-104 (2009); Ala. Code. § 26-17-10(a)(1992).[4] Jurisdiction to determine paternity is not based on a claim under the URESA. In fact, his paternity and duty to pay support are a prerequisite

_____

[4]Effective as of January 1, 2009, § 26-17-104, Uniform Parentage Act, states, "A circuit or district court of this state or any other court of this state, as provided by law, shall have original jurisdiction to adjudicate parentage pursuant to this chapter and may determine issues of custody, support, and visitation incidental to a determination of parentage." Ala. Code § 26-17-104. This section replaced § 26-17-10(a), which stated, "The causes of action provided by this chapter [the Alabama Uniform Parentage Act] shall be brought in the juvenile or family court division of the district or circuit court and wherever used in this chapter the word "court" shall mean the juvenile or family court division of the district or circuit court and specifically shall include any district or circuit court judge otherwise sitting in one of these divisions." Ala. Code. § 26-17-10(a).

to any obligation under the URESA.  *See Ex parte State of California*, 669 So. 2d 884, 885 (Ala. 1995)("Under § 30-4-81, Ala.Code 1975, the issue to be determined in a URESA action is whether the defendant must pay child support for a child that he fathered.  A URESA action is designed to compel those who owe a duty of child support to fulfill their obligations. *Ex parte O'Neill*, 420 So.2d 264 (Ala.1982)  . . .  Upon a determination of paternity or nonpaternity, the appropriate sections of URESA shall apply; see § 26-17-10(d).").  The 1992 Default Judgment, establishing Thomas as the father of Ammon Parker and establishing his obligation to provide support, is not void simply because it was entered before the State of Georgia sought to collect unpaid support.

Because the 1992 Default Judgment is not "void," Thomas cannot allege a deprivation of any due process right caused by the state court not allowing him to present evidence challenging the 1992 Default Judgment seventeen years later on frivolous grounds.

Therefore, Thomas's claims for relief under the Due Process Clause will be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, plaintiff's claims are due to be dismissed. An Order dismissing Thomas's Complaint will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 22nd day of March, 2012.


SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE